BIRCH, Justice,
concurring and dissenting.
I concur in the conclusion reached by the majority in this case except with respect to the issue of proportionality. On that issue, the majority holds that the punishment of death is not disproportionate under the record in this ease. I respectfully dissent, and I do so for the same reasons outlined in State v. Blanton, 975 S.W.2d 269 (Tenn. 1998) (Birch, J., dissenting).
In Blanton, no direct evidence was adduced that Blanton shot either victim or stabbed Mrs. Vester. The same analysis applies here — there is no direct evidence that Hall or Quintero shot either victim or stabbed Mrs. Vester.[1] Thus, considering the factor of “the defendant[s’] involvement or role in the murder[s],” the absence of direct evidence that either defendant was the actual killer compels my conclusion that the punishment of death is, in this case, disproportionate. See Tison v. Arizona, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987) (discussing how a defendant’s role in a murder affects the sentencing decision); State v. Branam, 855 S.W.2d 563, 570-71 (Tenn.1993). I would, accordingly, remand the cause for a new sentencing hearing.

ORDER ON PETITION FOR REHEARING

A petition for rehearing has been filed on behalf of the appellants. After consideration of the same, a majority of the Court is of the opinion that the petition should be and the same is hereby denied at the cost of appellant.
Justice Birch adheres to the views expressed in his original concurringZcHssenting opinion in this case.
Frank F. Drowota, III, Justice

. The charges against Blanton, Quintero, and Hall all arose from the same incident.